UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERN BASSLER,

    Plaintiff,

v.

Case No. 2:19-cv-11202
Hon. Mark A. Goldsmith

SAGINAW CORRECTIONAL FACILITY,
et al.,

    Defendants.

_____/

**OPINION & ORDER
DISMISSING COMPLAINT**

This is a pro se prisoner civil rights case. Lavern Bassler is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. The complaint names four defendants: (1) Saginaw Correctional Facility, (2) Susan McCauley, (3) "All Medical Staff," and (4) Deputy Warden Fuy. The complaint asserts that Defendants are being deliberately indifferent to Bassler's arthritic hip condition by failing to give him a bottom bunk assignment. Bassler seeks declaratory relief and damages. For the reasons discussed fully below, Bassler fails to satisfy the minimum pleading requirements against any of the named defendants. The Court, therefore, summarily dismisses the complaint.

**I. STANDARD OF DECISION**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, id., it does require more than the bare assertion of legal conclusions or "an unadorned,

1

the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

Bassler has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-156 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## II. ANALYSIS

Bassler indicates that he has breathing problems and arthritis in his hip. He asserts that he has been assigned a top bunk with no ladder, and it is therefore difficult for him to get up and down

2

from bed without pain. He asserts that he has requested reassignment to a bottom bunk without success. Attached to the complaint are two communications in which Bassler requested a follow-up appointment after having an x-ray performed, and the responses indicate that Bassler has an upcoming medical call-out scheduled. Bassler asserts that Defendants have been deliberately indifferent to his medical condition. He seeks a declaratory judgment and damages.

A. Non-Entities

Bassler sues the Saginaw Correctional Facility and "All Medical Staff," which the Court understands to refer to the health care unit at the Saginaw Correctional Facility. However, a state prison facility is not a person or legal entity capable of being sued under § 1983. See Parker v. Mich. Dep't of Corr., 65 F. App'x 922, 923 (6th Cir. 2003); Ryan v. Corizon Health Care, No. 13-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit."); Poole v. Michigan Reformatory, No. 09-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983); see also Belcher v. Ottawa County Adult Corr. Facility, No. 09-173, 2009 WL 1163412, at *2 (W.D. Mich. Apr. 28, 2009) ("The Ottawa County Adult Correctional Facility is a building, not an entity capable of being sued in its own right."). Nor is a unit or subdivision of a prison a legal entity capable of being sued. See Connor v. Hurley, No. 00-8354, 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (defendants identified as "Green Haven Correctional Facility (Medical Staff)" and "Green Haven Correctional Facility (Administration)" are not persons subject to suit under § 1983).

B. Respondeat Superior

The complaint asserts that Deputy Warden Fuy allows the medical staff to ignore medical needs at the facility. Compl. ¶ 22 (Dkt. 1). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. Iqbal, 556 U.S. at 676; Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. Grinter, 532 F.3d at 576. Accordingly, Bassler fails to state a claim against Fuy.

C. Insufficient Allegations

The Eighth Amendment bans, as cruel and unusual, any punishment that involves the unnecessary and wanton infliction of pain. Hudson v. McMillian, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, a prison official acts with deliberate indifference when he or she acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994) (citing Farmer, 511 U.S. at 839-840).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that

demonstrate what each defendant did to violate the asserted constitutional right." Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008) (citing Terrance v. Northville Reg'l Psych. Hosp., 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints.

Even assuming Bassler's arthritic condition coupled with his bunk assignment created a substantial risk of serious harm, Bassler makes no specific factual allegations against Nurse McCauley. The complaint asserts in conclusory fashion that McCauley ignored "medical kites," Compl. ¶¶ 23-24, but it does not allege any facts suggesting that she acted with deliberate indifference to a substantial risk of serious harm. The complaint does not reveal the contents of the kites. It fails to assert that McCauley was otherwise specifically aware of Bassler's need for a bottom bunk. It fails to allege that McCauley ever examined or evaluated Bassler. And it fails to allege that McCauley had the authority to change his bunk assignment. Accordingly, Bassler fails to state a claim against McCauley.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Bassler's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

SO ORDERD.

Dated: June 17, 2019  s/Mark A. Goldsmith
   Detroit, Michigan  MARK A. GOLDSMITH
                                                United States District Judge

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2019.

                                                      s/Erica Karhoff on behalf of
                                                      Karri Sandusky, Case Manager